LOTTINGER, Judge.
 The appellee in this matter has filed a motion to dismiss this appeal on the ground that the bond which was filed is totally inadequate for the reason that there is no surety thereon. Subsequent to the lodging of the matter before us the appellant filed with the Clerk of this Court a cashier’s check for the sum of $200, being the amount of the appeal bond set by the trial judge. As the appeal taken was a devolutive one, the appellant has one year from the date of the judgment within which to perfect his appeal and as the check was filed within that time, the appeal is good. In accordance with LSA-R.S. 13:4571 through 13:4579 and the jurisprudence effecting said sections, appeals are favored and furthermore according to LSA-R.S. 13:4433 which is as follows:
“ * * * Such appellant, before the date on which the motion to dismiss is fixed for trial, may cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied.” The appellant in the instant case appears to have supplied the deficien-ces charged in the motion to dismiss and for that reason the motion to dismiss is therefore denied.
The Trial Judge rendered written reasons for judgment which are as follows:
“This is a suit for $288.80 damages arising out of an intersectional collision which occurred at the intersection of two graveled farm roads in Allen Parish at about 2:15 p. m.' on April 28, 1953. The north and south road is designated the State road and the road which runs from east to west up to but does not cross the State road is known as the Parish or School Bus Road (hereinafter called Parish road). There are no stop signs or any other traffic control at the intersection. At the conclusion of the taking of evidence, the court went to the scene of the accident and found that the intersection is unusually large. It also appeared that the great majority of travel at this intersection turns south from the Parish Road to the State Road and travels from South to North on the State Road and turns East from the State Road to the Parish Road. The manner in which the roads were maintained showed conclusively that it is the exception rather than the rule for traffic to proceed north on the State Road beyond the Parish Road. It" is also important to this case to note that there is a difference in elevation of the two roads. The Parish road comes up hill to the State road and the intersection itself is some two or more feet lower at the east side than on the west side.
“The weather at the time óf the accident was clear and the gravel roads were dry. The State Road is a very wide road, say approximately 60 feet wide, but is only graveled in the center, say for approximately 25 feet. The Parish Road is only about 25 feet wide but is -graveled for its entire width. The intersection itself is even larger than would ordinarily be ex *882 pected when it is understood that two such roads meet to form a ‘T’.
“Immediately before the accident the plaintiff, Mr. John E. Hamilton, age 72, was driving north in a 1951 International Truck on the State Road. He was traveling with a load of Brahma Cattle and driving down the center of the highway so that his load would stay centered. Shortly before the accident, the defendant, Mr. Louis Fusilier, age approximately 35, was driving' his 1950 International truck west on the Parish Road. As passengers he had his wife and children.
“This case is unusual in'that'there is so much agreement'as'to the facts leading up to the collision.; The plaintiff first noticed, the defendant when defendant was some 300 feet from the intersection.1 This was possible because the terrain across the way was clear and both parties could see the other had they looked. However, defend-, ant did not see. the plaintiff until he was. within about 15, feet of the intersection. Both trucks were proceeding slowly, the evidence showing their respective speeds as they approached the intersection as being about 20 miles per hour. When defendant saw- plaintiff’s truck he had already slowed down for the intersection and' formed an opinion that he clearly had time to make his turn ahead of-plaintiff. It is evident to the court that the defendant expected the plaintiff to turn east into -the Parish Road. Had plaintiff done so, the defendant’s truck and plaintiff’s 'truck would have avoided each other by a distance which this court would -estimate as being at least 10 feet. ■
“However, plaintiff’s intention was to continue his northward direction on and along the State road for he was on his way to a cattle sale which could best be reached by proceeding along the State road. Accordingly, it was his desire to pass in front of the defendant: Knowing that he had the right of way and already being located in the center of the road, plaintiff continued on the left side or west side of the State road, and when defendant continued oh across the intersection, plaintiff’s attempt to avoid the accident consisted of continuing to the left.
“The collision occurred in the extreme southwest part of the intersection, defendant’s truck being almost in thé west ditch of the State Road and proceeding in a south, southwest direction. Defendant’s left front door was struck by plaintiff’s left front bumper and fender when the trucks were at about a 45 degree angle. The reason that the damage was so slight and there were no personal injuries is that both vehicles were traveling quite slow.
“There can be no. question but that defendant was negligent in continuing.on into the intersection. The only serious question in the case is brought up. by. defendant’s alternative allegation that the plaintiff was contributorily negligent..
“Both counsel have submitted memorandum of authorities on this point. The cases cited by plaintiff rely on the ‘sudden emergency’ doctrine. . Plaintiff’s counsel successfully distinguishes the cases cited by defendant’s counsel insofar as defendant relies on the fact that plaintiff saw defendant’s truck from the time that it was 300 feet away from the intersection. The distinguishing feature is that defendant’s truck was approaching the intersection at a slow rate of speed and clearly indicated that he planned to stop.
“However, this does not dispose of the fact that plaintiff was negligent' in approaching the intersection by driving down the middle of the road. Our Highway Regulatory Act requires that traffic travel on the right-hand side of the road. Plaintiff did not do this because he wished to keep centered his load of Brahma Cattle. It is to be noted that had plaintiff stayed on the right side of the State Road at this intersection his load could not have stayed centered, for the east side of the State Road dips to make the intersection with the Parish Road, because of its lower elevation. It is for this reason, as well as because plaintiff testified that he was traveling for a long time prior to the accident in the center of the road and because this accident *883 happened in the extreme west part of an unusually wide intersection that I feel that plaintiff’s negligence in not traveling in his right-hand lane of traffic constitutes a proximate cause of the accident. 1
“While our jurisprudence is clear that in an emergency a motorist is not expected to make the same calm and accurate decision as he could and would otherwise make, the authorities are clear that thjs rule does not protect a motorist who, because of his own negligence, brings about the emergency. Joyner v. Williams, La.App., 35 So. 2d 812.
■. “For the reasons herein assigned, judgment is granted in favor of the defendants, Louis Fusilier and the Southern Farm Bureau Casualty Insurance Company, and the demands of the plaintiff are rejected.”
A careful review of the record shows that the .above-quotgd findings of fact are substantially correct. : In addition to the above the record reveals the fact that the impact or collision took place on the extreme western side of the state ro^.d almost in the ditch, and that this point was approximately 56 feet south of the center of the intersection and that the point of collision was approximately 20 feet south of the south edge of the intersection which indicates that the defendant had traversed the intersection when the impact took place. From these’ facts we are not of the opinion that the plaintiff was faced with a sudden emergency'. We are inclined to believe that the plaintiff was' a sufficient distance .from the intersection when the defendant entered same as not to constitute a sudden emergency. The two' vehicles were traveling at a very slow rate and we believe that the plaintiff had plenty and ample time to get into his own proper lane. If the plaintiff had been traveling in his own lane the accident would not have occurred. We believe further that if the plaintiff had remained in the center of the road and had not turned to the left or west as he did, the accident would not have occurred. We are, therefore, inclined to believe that the negligence of the plaintiff under the circumstances is a proximate cause of the accident and should be barred from recovery.
Thereforp for the above and foregoing reasons, the judgment appealed from is affirmed.
* Judgment ■ affirmed.